UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-25886-(LEIBOWITZ/LOIS)

PARK STREET IMPORTS LLC, a Florida
limited liability company

      Plaintiff,

v.

SAINT CLOUD, INC., a Delaware
corporation; and THE ACCELERATION
GROUP, LLC, a Delaware limited liability
company,

      Defendants.
_____/

**DEFENDANT, THE ACCELERATION GROUP, LLC'S,
ANSWER TO INTERPLEADER COMPLAINT**

Defendant, The Acceleration Group, LLC ("TAG"), by and through its undersigned counsel, hereby files its Answer to the Interpleader Complaint filed by Plaintiff, Park Street Imports, LLC ("Plaintiff").

**PARTIES, JURISDICTION, AND VENUE**

1.    TAG admits that Plaintiff purports to bring this action for interpleader involving a sum that exceeds $75,000, exclusive of interest, costs, and attorneys' fees. TAG denies any legal conclusion or entitlement implied therein.

2.    TAG admits that Plaintiff is a Florida limited liability company with its principal place of business in Miami, Miami-Dade County, Florida.

3.    TAG admits that Defendant Saint Cloud, Inc. ("Saint Cloud") was incorporated under the laws of the State of Delaware.  TAG denies the remaining allegations in this paragraph

1

and states that it appears that Saint Cloud is no longer an active corporation and is not authorized to conduct business under Delaware law.

4. TAG admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. TAG admits that it describes itself as operating in the financial technology and specialty lending/payments space that supports small, growing companies in the craft spirits market.

5. TAG admits that the amount in controversy exceeds $75,000, exclusive of interest and costs. TAG lacks knowledge or information sufficient to form a belief as to the citizenship of Plaintiff and/or Saint Cloud and, therefore, denies the remaining allegations.

6. TAG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies the same. TAG admits only that, to the extent a substantial part of the property that is the subject of this action is maintained and situated in Miami-Dade County, Florida, venue may be proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2).

## STATEMENT OF INTERPLEADER ACTION

7. TAG admits that Plaintiff provides import and distribution to Saint Cloud and maintains an account in connection with funds from sales and other transactions related to Saint Cloud's products. TAG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, including references to "other solutions" and other "alcoholic beverage brands," and therefore, denies the remaining allegations.

8. TAG lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore, denies the same. For further answer, TAG has reason to believe that

Plaintiff's Balance Account should reflect a substantial dollar amount, the specific sum of which is unknown to TAG, but all of which is payable solely to TAG as secured party.

9. TAG admits that a dispute has arisen between Saint Cloud and TAG regarding entitlement to the Disputed Funds (the exact amount is unknown to TAG).

10. TAG admits that Saint Cloud and TAG each assert claims to the Disputed Funds (the exact amount is unknown to TAG). TAG admits that it claims entitlement to such funds pursuant to its agreement(s) with Saint Cloud but denies any allegation inconsistent with TAG's rights and interests in the funds. TAG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

11. TAG admits that it has asserted rights to the Disputed Funds (the exact amount is unknown to TAG), has demanded that Plaintiff remit the Disputed Funds (the exact amount is unknown to TAG) to it, and threatened Plaintiff with liability if the Disputed Funds (the exact amount is unknown to TAG) are disbursed to Saint Cloud, Ray Walker, or any party other than TAG. TAG admits that Saint Cloud has asserted rights in the Disputed Funds. TAG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

12. TAG admits that it filed a civil action against Saint Cloud seeking funds owed to TAG. TAG denies the remaining allegations.

13. TAG admits that on or about April 17, 2025, it filed the civil action *The Acceleration Group, LLC v. Saint Cloud, Inc., et al.*, in the Superior Court of Fulton County, Georgia, Case No. 25CV005234. TAG admits that Exhibit A appears to be a copy of the original Complaint filed by TAG, which Complaint speaks for itself. TAG denies any characterization of allegations in that Complaint inconsistent with its actual contents. On July 23, 2025, TAG,

however, filed an Amended Complaint in the action styled as *The Acceleration Group, LLC v. Saint Cloud, Inc., et al.*, in the Superior Court of Fulton County, Georgia, Case No. 25CV005234, which is the operative Complaint in that action.

14. TAG admits only that there is a civil action styled as *Ray Walker v. The Acceleration Group LLC, et al.*, in the Superior Court of the State of California, County of Contra Costa, Case No. C25-03456, but denies the allegation that the action was filed on or about November 11, 2025. TAG has not been served with this Complaint filed by Ray Walker, so TAG admits only that Exhibit B appears to be a copy of a Complaint filed by Ray Walker, which Complaint speaks for itself. TAG denies any characterization of allegations in that Complaint inconsistent with its actual contents and denies any allegation inconsistent with TAG's rights and interests. TAG admits that no final determination has been entered in (1) *The Acceleration Group, LLC v. Saint Cloud, Inc., et al.*, in the Superior Court of Fulton County, Georgia, Case No. 25CV005234, or (2) *Ray Walker v. The Acceleration Group LLC, et al.*, in the Superior Court of the State of California, County of Contra Costa, Case No. C25-03456, but TAG denies any allegations in this paragraph to the extent they are inconsistent with the Court's Order on Defendants' Pending Motions in the civil action *The Acceleration Group, LLC v. Saint Cloud, Inc., et al.*, in the Superior Court of Fulton County, Georgia, Case No. 25CV005234, in which the Court explicitly stated that Saint Cloud and Ray Walker are in default.

15. TAG admits the allegations in paragraph 15.

16. TAG denies that Plaintiff has incurred no independent liability to TAG. TAG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

17. TAG admits only that TAG and Saint Cloud have asserted claims to the Disputed Funds (the exact amount is unknown to TAG). TAG lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations, which are hypothetical in nature, and therefore, denies the same.

18. TAG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore, denies the same.

19. TAG admits only that Plaintiff alleges it has employed counsel. TAG lacks knowledge or information sufficient to form a belief as to any other allegations in paragraph 19, and therefore, denies the same.

Because TAG is entitled to the funds held by Plaintiff, TAG denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Interpleader Complaint.

## DEMAND FOR INTERPLEADED FUNDS

1. TAG entered into a July 18, 2023 Factoring and Security Agreement with Saint Cloud, pursuant to which TAG purchased certain accounts receivable as their absolute owner and, in addition, received a continuing first priority security interest in all of Saint Cloud's present and after-acquired accounts (including, without limitation, accounts receivables and deposit accounts), proceeds, and other collateral.

2. TAG thereafter purchased and advanced funds on specific accounts receivable, including invoices in the amounts of $199,000 and $50,000, and Saint Cloud failed to repay TAG or repurchase those accounts as required. Saint Cloud further breached the agreements by purporting to sell or assign the same accounts to other purchasers.

3. TAG then asserted claims against Saint Cloud and Ray Walker, Saint Cloud's president and sole stockholder, for damages arising from the foregoing conduct. After negotiations with counsel, TAG and Saint Cloud restructured the indebtedness in a May 30, 2024 Term

Promissory Note and Convertible Promissory Note. Saint Cloud ultimately defaulted under the terms of both the May 30, 2024 Term Promissory Note and Convertible Promissory Note.

4. On August 27, 2024, Saint Cloud entered into the 2024 Factoring and Security Agreement with TAG, granting TAG a continuing security interest in substantially all of Saint Cloud's personal property, including, specifically, all its right, title and interest in its accounts receivable (i.e., whatever right, title, and interest therein was not sold to TAG), intellectual property (including trademarks and trade names), inventory, and equipment. Saint Cloud ultimately defaulted under the terms of the 2024 Factoring and Security Agreement.

5. Upon default, and pursuant to the express terms of the 2024 Factoring and Security Agreement, and the Uniform Commercial Code, TAG is entitled, whether as absolute owner or as secured party, to collect directly from account debtors all accounts receivable of Saint Cloud until the outstanding debt owed to TAG is extinguished.

6. TAG provided written notice to Plaintiff and other account debtors of its ownership and security interests in the accounts receivable and of their obligation to remit payment solely to TAG.

7. Despite TAG's proper notices, Saint Cloud improperly issued contradictory instructions to account debtors, including Plaintiff, directing payment to Saint Cloud.

8. The funds presently held by Plaintiff constitute proceeds of accounts receivable that were either sold to TAG, or are subject to TAG's security interest. As such, those funds are not property of Saint Cloud.

9. TAG hereby makes demand for distribution of the full amount of all funds interpleaded in this matter, and any other funds held by Plaintiff that constitute proceeds of accounts receivable that were either sold to TAG, or are subject to TAG's security interest.

Dated: February 13, 2026.

                    Respectfully submitted,

                    */s/ Ashley B. Carlisle*
                    Michael F. Holbein (FBN 1033402)
                    **SMITH, GAMBRELL & RUSSELL, LLP**
                    1105 W Peachtree St NE Ste 1000
                    Atlanta, GA 30309
                    Tel: (404) 815-3607
                    mholbein@sgrlaw.com
                    mmolinaro@sgrlaw.com

                    Ashley B. Carlisle (FBN 1049618)
                    **SMITH, GAMBRELL & RUSSELL, LLP**
                    50 N. Laura Street, Suite 2600
                    Jacksonville, Florida 32202
                    Tel: (904) 598-6100
                    acarlisle@sgrlaw.com
                    dhsmith@sgrlaw.com
                    asalane@sgrlaw.com
                    ***Attorneys for Defendant, The Acceleration Group, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2026, the foregoing document was filed with the Clerk of the Court using CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Ashley B. Carlisle*
Attorney